THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VALARIE JO MARZOLF,                          :
                                             : CIVIL ACTION NO. 1:25-CV-47
        Plaintiff,                           : (JUDGE MARIANI)
                                             : (Magistrate Judge Camoni)
        v.                                   :
                                             :
FRANK BISIGNANO,                             :
Commissioner of Social Security,             :
                                             :
        Defendant.                           :

ORDER

AND NOW, THIS ___16th___ DAY OF MARCH 2026, upon *de novo* review of

Magistrate Judge Sean A. Camoni's Report and Recommendation ("R&R") (Doc. 18),

Plaintiff's objection thereto (Doc. 19), and other relevant documents, **IT IS HEREBY**

**ORDERED THAT**:

1.  Plaintiff's objection (Doc. 19) is **OVERRULED**.

    Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ's

    supportability analysis was proper under the regulations. (Doc. 19 at 1.) The

    Court disagrees. The objection is based on Plaintiff's conclusion that the ALJ's

    analysis did not specifically include the findings of Ahmed Kneifati, M.D., a

    consultative examiner, regarding ankle range of motion, obesity, tender left

    lateral hip, and pulmonary findings. (*Id* at 2.) An ALJ is required to articulate

    his conclusions regarding medical opinions, 20 C.F.R. § 404.1520c(b), and

    specifically explain how the "supportability factor" of a medical source's opinion

was considered, 20 C.F.R. § 404.1520c(b)(2).[1]  As a general matter, it has long been recognized that all evidence need not be reviewed and the ALJ need not use "magic language" or adhere to a particular analytical format when considering opinion evidence in accordance with the applicable regulations. *Caruso v. Comm'r of Soc. Sec.*, 99 F. App'x 376, 379 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000)); *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009);[2] *see also Tyler E. K. v. Comm'r of Soc. Sec.*, Civ. A. No. 21-9623, 2022 WL 3913559, at *6 (D.N.J. Aug. 31, 2022) (finding that the ALJ appropriately considered the supportability and consistency factors by citing the physician's treatment notes and other evidence in the record).  As indicated in *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637 (3d Cir. 2024), the supportability requirement can be satisfied when an ALJ "weave[s] supportability . . . throughout [the] analysis of which doctors were persuasive." *Id.* at 639.  A recent Third Circuit panel decision is instructive on the 20 C.F.R. § 404.1520c(b)(2) requirement that an ALJ articulate consideration of the supportability requirement. The panel in *Olinger v. Comm'r Soc. Sec.*, No.

---

[1] 20 C.F.R. § 404.1520c further explains the supportability factor as follows: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1).

[2] *Diaz* noted that

[i]n *Burnett*, we held that an ALJ must clearly set forth the reasons for his decision. Burnett [v. *Comm'r of Soc. Sec.*, 220 F.3d 112, 199 (3d Cir. 2000)].  Conclusory statements that a condition does not constitute the medical equivalent of a listed impairment are insufficient. The ALJ must provide a "discussion of the evidence" and an "explanation of reasoning" for his conclusion sufficient to enable meaningful judicial review. *Id.* at 120; *see Jones v. Barnhart*, 364 F.3d 501, 505 & n. 3 (3d Cir.2004). The ALJ, of course, need not employ particular "magic" words: "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Jones*, 364 F.3d at 505.

*Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).

24-3275, 2025 WL 3216408 (3d Cir. Nov. 18, 2025), found that the ALJ evaluated supportability when she determined that:

> [a treating nurse practitioner's] opinions are not persuasive because they . . . are not fully supported by the clinical signs and findings including an examination in February 2021 showing that the claimant appeared in no distress with a normal gait, no muscle spasms, [and] no pain with palpation of the lumbar spine.

> App. 34.  . . .  The ALJ satisfied the supportability requirement because she used objective medical evidence, or "clinical signs and findings" to evaluate the persuasiveness of [the treating nurse practitioner's] opinion. App. 34.

2025 WL 3216408, at *2–3.  Here, the ALJ used "objective medical evidence, or 'clinical signs and findings' to evaluate the persuasiveness" of Dr. Kneifati's opinion.  *Id.*  As the Magistrate Judge recognizes, the ALJ reviewed Dr. Kneifati's own treatment notes before discussing the medical opinion and used Dr. Kneifati's own medical findings to support his conclusion that Dr. Kneifati's opinion was "unpersuasive." (*See* Doc. 18 at 10-11 (citing ALJ Decision, Doc. 11-2 at 20-22).)  In his Decision, the ALJ stated that he found Dr. Kneifati's opinion

> unpersuasive as it is unsupported by his own examination of the claimant as Dr. Kneifati found the claimant had a normal gait; normal strength; ability to walk on heels and toes without difficulty; had a normal stance and was able to get on and off the exam table without assistance. (Ex. 3F/5). . . . Furthermore, the claimant has reported improvement in her asthma since Singulair was prescribed; she had normal respiratory effort; her chest wall movement was symmetrical; lungs were clear bilaterally; no cracks were noted; she did not cough with forced exhalation; and due to

her mild plantar fasciitis, conservative treatment was recommended. (Ex. 5F/12, 33; 6F/10).

(Doc. 11-2 at 22.) Because the ALJ's consideration of the supportability factor is consistent with that found acceptable by the Third Circuit panel in *Olinger*, 2025 WL 3216408, at *3, as well as the articulation requirements set out in 20 C.F.R. § 404.1520c(b)(2) and guidance provided in *Zaborowski*, 115 F.4th at 639, Magistrate Judge Camoni did not err in finding that the ALJ's consideration of Dr. Kneifati's opinion satisfied the requisite supportability factor.

2. The R&R (Doc. 18) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's appeal of the Acting Commissioner's decision (Doc. 1) is **DENIED**.

Robert D. Mariani
United States District Judge

4